UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NURMUKHAMED NURLANOV,<br>Petitioner<br>v.<br>ACTING OR CURRENT WARDEN, FACILITY ADMINISTRATION GEO GROUP, INC., et al.,<br>Respondents. | Case No. EDCV 26-3721-MWF (DFM)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Docket No. 1), Respondents' Response and Supplemental Answer to the Petition (Docket Nos. 12, 16), Petitioner's Traverse and Supplemental Reply (Docket No. 13, 17), the Report and Recommendation of United States Magistrate Judge ("Report"; Docket No. 19); Petitioner's Objections to the Report ("Objections"; Docket No. 20), and the other relevant records on file.

Preliminarily, contrary to Petitioner's assertion that he was not "grant[ed] . . . an objection period" (Docket No. 20 at 13), the Magistrate Judge specifically allowed him until "October 8, 2026, [to] file and serve a written statement of Objections . . ." (Docket No. 18). Petitioner's Objections, filed October 6, 2026, are

therefore timely and properly before the Court.

The Objections primarily center on the Report's recommendation of dismissal on exhaustion grounds, allegedly without "meaningfully engaging" in the governing exhaustion framework, including the factors under *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). (Docket No. 20 at 2-3, 5-8). But, as Petitioner admits, he already presented "in both the Petition and Traverse why exhaustion should not be required or should be waived" (*id*. at 2), and the Report considered those filings (Docket No. 19 at 1). *See Cowart v. Cardenas*, No. CV 24-2900 DSF (AJR), 2026 WL 2724906, at *1 (C.D. Cal. Sept. 15, 2026) ("[S]imply repeating arguments . . . is not a proper objection." (internal quotation marks and citation omitted)). Indeed, the Report quoted the *Puga* factors and applied them, concluding that each prudential factor favored exhaustion and that no exception applies. (Docket No. 19 at 5-6). Petitioner has not presented any persuasive reason to question the Report's weighing of those factors or its conclusion that excusing exhaustion would reward bypassing administrative review.

**IT IS THEREFORE ORDERED** that:

(1) the Objections are **OVERRULED**;

(2) the Petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies to the extent it challenges the November 24, 2025 custody hearing;

(3) the Petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction to the extent it seeks reweighing of the Immigration Judge's discretionary determinations;

(4) the Petition is **DENIED** to the extent it challenges Petitioner's May 21, 2025 arrest, the termination of his prior release, and his prior treatment as subject to mandatory detention, including his requests for immediate release and for an injunction against re-detention.

(5) the Petition is **DENIED WITHOUT PREJUDICE** to the extent it asserts

that Petitioner's continued detention violates due process;

(6) judgment is to be **ENTERED** accordingly; and

(7) the Clerk of the Court serve this Order and the Judgment on all counsel or parties of record.

Dated: November 9, 2026

MICHAEL W. FITZGERALD
United States District Judge